# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-00362-RJC

| | |
|---|---|
| ALBERT ANDERSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| FNU REEP, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 4] and Plaintiff's Motion for Temporary Restraining Order. [Doc. 5].

Pro se Plaintiff Albert Anderson ("Plaintiff") is currently incarcerated at Foothills Correctional Institution in Morganton, North Carolina. Plaintiff filed this action on December 27, 2023, pursuant to 42 U.S.C. § 1983, with a 44-page Complaint against 32 Defendants, including Defendant Sergeant FNU Pennell, purportedly for violation of certain unidentified constitutional rights. [Doc. 1; see id. at 3]. Plaintiff's application to proceed in forma pauperis is currently pending and the Court, therefore, has not completed its initial review of Plaintiff's Complaint.[1]

Now before the Court are Plaintiff's motions for appointment of counsel and for a temporary restraining order. [Docs. 4, 5]. As grounds for appointment of counsel, Plaintiff argues that he is unable to afford counsel, that his imprisonment will greatly limit his ability to litigate, that the issues involved in his case are complex and will require significant research and investigation, that Plaintiff has limited access to the law library and limited knowledge of the law,

---

[1] The Court has, however, generally reviewed Plaintiff's Complaint for the purpose of the instant motion for temporary restraining order.

and that a trial in this matter will likely involve conflicting testimony and counsel would be better enable Plaintiff to present evidence and cross examine witnesses. [Doc. 4].

A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. The Court, therefore, will deny Plaintiff's motion to appoint counsel.

In his motion for temporary restraining order, Plaintiff claims to be in "imminent danger at risk of being irraparably [*sic*] harmed in the custody of defendants." [Doc. 5 at 1]. He alleges, in pertinent part, as follows:

> On 12-22-23 Plaintiff filed [the instant] Section 1983 Complaint alleging Common law conversion, Administrative Procedure Act violations, and Intentional and willful deprivation of life's Basic Necessities….
>
> In Result, of the Same Actions Describe in I the Plaintiff's Claims regarding Defendant's framework, an inmate was butchered 27 times receiving 60 stitches in his and head and had to be rush to I.C.U. Were he is Currently on life support.
>
> It is Discussed to have been Pervoked by Defendant Pennell who cause this inmate to be done in this way Defendant Pennells and other defendant's have announced for I the Plaintiff to be Next Compelling the Urgency of obtaining the approval of this Motion for Temporary Restraining Order….
>
> Defendant's are holding Plaintiff captive without Proper Protocol for detainment Under the Department of Public Safety's care.

[Id. at 2-3 (errors uncorrected)]. Plaintiff requests "an Order temporarily restraining Defendants from damaging Plaintiff anymore and causing Plaintiff any further pain and suffering." [Id. at 4].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th

2

Cir. 2003). It is an extraordinary remedy never awarded as of right. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." <u>Amoco Prod. Co. v. Village of Gambell</u>, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. <u>Real Truth About Obama, Inc. v. Fed. Election Comm'n</u>, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff's motion for preliminary injunctive relief fails. Despite Plaintiff's bald claims to the contrary, Plaintiff has not shown that he is likely to suffer irreparable injury in the absence of injunctive relief and – the best the Court can tell – Plaintiff's allegations appear to be, at best, only tangentially related to one of many, unrelated factual scenarios presented in Plaintiff's Complaint. [<u>See</u> Doc. 1 at 40-41]. Moreover, Plaintiff has not shown any likelihood of success on the merits. The Court cannot grant injunctive relief under these circumstances. The Court will, therefore, deny Plaintiff's request for a temporary restraining order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. 4] and Plaintiff's Motion for Temporary Restraining Order [Doc. 5] is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 22, 2024

Robert J. Conrad, Jr.
United States District Judge

3

Case 1:23-cv-00362-RJC    Document 8    Filed 01/22/24    Page 3 of 3