UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00362-RJC

| ALBERT ANDERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU REEP, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Pro Se "Motion for Relief from a Judgment or Order" [Doc. 33], which the Court construes as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and Plaintiff's Pro Se "Emergency Declaration" [Doc. 32].

Pro se Plaintiff Albert Anderson ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On December 27, 2023, he filed this action pursuant to 42 U.S.C. § 1983, naming 32 Defendants, including 23 Foothills officials; Kimberly Grande, Executive Director; "Combined Records" and the "Grievance Resolution Board" in Raleigh, North Carolina; Governor Roy Cooper; "Secretary Governor" Roy Guy; "Assistant Governor" FNU Loewe; the City of Morganton; John Doe, City of Morganton "Policy Maker;" and Foothills. [Doc. 1].

In his 43-page Complaint, Plaintiff raised claims regarding several different alleged events and incidences, some of which appeared wholly unrelated to one another. Plaintiff alleged that on October 6, 2023, he was "enrolled" at Foothills "without being processed into the system as a convicted state prisoner" and that he is being falsely imprisoned in violation of policy and his

Eighth Amendment rights, which has also deprived Plaintiff of sentence reduction credits; the same day, Plaintiff gave a blood sample, which showed that he is positive for hepatitis C, but not allergic to carrots, and that he is being denied medication to cure his hepatitis and given "no carrot" food trays "knowing that carrots are one of Plaintiffs favorite foods" and depriving him "of the nutrition resulting in extreme weight loss;" Plaintiff has been retaliated against for exercising his right to access the courts; Defendants Reep and Newton, identified as Wardens at Foothills, authorize their subordinates to be aggressive and belligerent toward Plaintiff "while indulging in hands on activity;" on October 18, 2023, Plaintiff was asked to sign a "Prea investigation" on the top of a trash can, which he refused "due to the spread of Covid-19," and was threatened as a result; on October 23, 2023, Plaintiff was subjected to excessive force after he refused a "no carrot" breakfast tray and was sent to segregation, "bumping [his] cranium" against the segregation door, and then denied medical care; the Grievance Resolution Board and Defendants Cooper, Guy, Leowe and Grande are discriminating against Plaintiff relative to his October 25, 2023 "Prea Grievance" against Defendant Lieutenant Goodson, hindering Plaintiff's exhaustion of administrative remedies; on November 17, 2023, Plaintiff was given a "no carrot" tray with an old rotten carrot on the tray, which was "intentional cross-contamination," and no investigation or fact-finding hearing was conducted related to this act; on December 1, 2023, Plaintiff dropped his fish sandwich and drink due to post-concussion syndrome suffered from the October 23, 2023 use of force and Plaintiff was directed to clean up the mess without regard to his condition and denied a new meal and medical treatment; on December 7, 2023, Plaintiff was placed in lockdown because he did not want to eat a "no carrot" tray for breakfast, constituting an "extreme deprivation;" on December 12, 2023, during a routine cell search, Plaintiff's legal mail was "pocketed;" on December 13, 2023, disciplinary infractions were given to other inmates due to a "gang letter"

found in Plaintiff's cell, resulting in Plaintiff being labelled a snitch and threatened by other inmates; and Defendant City of Morganton John Doe "Policy Maker" is responsible for all Defendants violations of Plaintiff's Eighth Amendment rights. [Id. at 4, 18-41]. Plaintiff claimed various constitutional violations, discrimination, and false imprisonment. [See id. at 3-4, 42].

Plaintiff's Complaint failed initial review because Plaintiff brought multiple unrelated claims against unrelated defendants, which may not be litigated in a single action. [Doc. 12 at 4]. The Court advised Plaintiff that it could not and would not "blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action." [Id.]. The Court "similarly decline[d] to parse through Plaintiff's allegations and address other deficiencies in Plaintiff's Complaint." [Id.]. The Court allowed Plaintiff 30 days from February 1, 2024, to amend his Complaint to properly state a claim upon which relief may be granted in accordance with the terms of the Court's Order. [Id. at 5]. The Court further ordered that, if Plaintiff failed to so amend his Complaint, "the matter will be dismissed without prejudice." [Id.].

Rather than amend his Complaint as ordered, the Plaintiff filed numerous purported "objections" to the Court's initial review Order and asked the Court for "summons forms … to test his claims on the merits." [See Docs. 13, 14, 15; see also Docs. 16, 19]. It appeared from these mostly nonsensical ramblings that Plaintiff disagreed with the Court's conclusion that his Complaint asserts multiple unrelated claims against unrelated Defendants. [See Doc. 13 at 2-5]. Plaintiff argued that "it is the judges job to sort out the claims recognized to possess merit in the eye of the courts" and that "the court can select which related set of facts plaintiff might want to pursue in this action which is all of the plaintiff claims in this matter." [Id. at 3-4 (errors uncorrected); see also Doc. 15 at 3 ("[E]very portion of [the Complaint] possesses merit and contains a factual liberal constructed base of claims.")]. On March 29, 2024, the Court dismissed

this action without prejudice for Plaintiff's failure to amend his Complaint as ordered. [Doc. 27]. Alternatively, to the extent Plaintiff's objections were intended as a motion to reconsider the Court's initial review Order under Rule 59(e), the Court denied the motion. [Id. at 4].

Now, Plaintiff purports to move pursuant to Rule 60 of the Federal Rules of Civil Procedure "for relief from a judgment or order."[1] [Doc. 33 at 1]. To the extent the Court can make any sense of Plaintiff's motion, he claims that he "corrected every deficiency known to the recommendation" and that summonses should have issued "immediate[ly]" to test his Complaint "on the merits." [Id. at 4]. Plaintiff further complains that the undersigned "proceeding in full contrary to law a devistatingly [*sic*] insufficient unsatisfactory full contrary to law job performance." [Id. at 5].

As previously explained in this matter, a district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered," id., and "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion," Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. The Court will deny Plaintiff's motion.

---

[1] Because Plaintiff's motion was brought within 28 days of the Court's Order dismissing this action, the Court will consider it under Rule 59(e). See MLC Auto., LLC v. Town of S. Pines, 532 269, 278-80 (4th Cir. 2008); Bank v. M/V "Mothership", 427 F.Supp.3d 655, 659 (D. Md. May 20, 2019). To the extent Plaintiff also seeks relief from the Court's initial review Order requiring him to amend his Complaint, which was entered more than 28 days before Plaintiff's pending motion, Plaintiff has failed to show he is entitled to relief under Rule 60. [See Doc. 33 at 8 (arguing under Rule 60(b)(4) that "the Judges prieviest [*sic*] initial review (Judgment) order was void and based on an earlier judgment that had been reversed or vacated")].

Plaintiff also recently filed an "Emergency Declaration" in which he purports to assert "grounds for the Judicial Conference of the United States to Declare an Emergency Civil Rules Violatio [*sic*]." [Doc. 32]. In this Declaration, Plaintiff also appears to complain that this Court failed to "suggest candidates for appointment" under Rule 53 "even after [he] expressed the judges commencement of gang activity in connection with [his] complaint [in] 1:23 cv 974." [<u>Id.</u> at 3]. To the extent Plaintiff intends to seek any relief from this Court in or through this "Emergency Declaration," it is denied. Plaintiff is admonished that any further such "declarations" or other improper or nonsensical attempts at seeking relief from this Court may be summarily denied and/or stricken form the record in this matter.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Relief from a Judgment or Order [Doc. 33] is **DENIED**.

**IT IS SO ORDERED**.

Signed: May 2, 2024

*(signature)*

Robert J. Conrad, Jr.
United States District Judge